UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


RACHEL WOODWARD,

      Plaintiff,

v.                                     Case No. 8:18-cv-1983-T-CPT

ANDREW M. SAUL,
Commissioner of
Social Security,[1]

      Defendant.
_____/


**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of her claims for Disability Insurance Benefits (DIB), Supplemental Security Income (SSI) payments, and Widow's Insurance Benefits (WIB). For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1965, obtained an associate's degree, and has past relevant work experience as a preschool teacher. (R. 26, 40). In June 2015, the

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this suit.

Plaintiff applied for DIB, SSI, and WIB, alleging disability as of July 1, 2013, due to anxiety, depression, bipolar disorder, bulging discs, and chronic colitis. (R. 212-20, 232). The Social Security Administration denied her applications both initially and on reconsideration.

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on July 24, 2017. (R. 33-68). The Plaintiff was represented by counsel at that hearing and testified on her own behalf. A vocational expert (VE) also testified.

In a decision dated November 6, 2017, the ALJ found that the Plaintiff: (1) was insured for DIB through June 30, 2016; had a prescribed period for WIB through April 30, 2022; and had not engaged in substantial gainful activity since her alleged onset date of July 1, 2013; (2) had the severe impairments of obesity, hearing loss, chronic gastritis, hiatal hernia, bipolar disorder, substance dependence, ankylosing spondylitis, cervical spine disc protrusion, and lumbar spine degenerative disc disease; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform light work with some postural, environmental, and mental limitations; and (5) based in part on the VE's testimony, could not perform her past relevant work but was capable of performing other jobs in significant numbers in the national economy. (R. 17-27). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 27).

The Appeals Council denied the Plaintiff's request for review. (R. 1-6). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).[2] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)); 20 C.F.R. § 416.920(a)(4).[3] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to perform past relevant work; and (5) can perform other work in the national economy given her RFC, age,

---

[2] Unless otherwise indicated, all citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

education, and work experience. *Carter*, 726 F. App'x at 739 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that she cannot perform the work identified by the Commissioner. *Id.* In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether he applied the correct legal standards. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405

F.3d 1208, 1211 (11th Cir. 2005) (per curiam)). While the court accords deference to the Commissioner's factual findings, "no such deference is given to [his] legal conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citations omitted).

III.

The Plaintiff contends on appeal that the ALJ erred by failing to adequately address her "new and/or worsening symptoms" stemming from cellulitis and swelling in her lower extremities. (Doc. 22 at 5-7). The Commissioner counters that the ALJ thoroughly considered the entire record, including the more recent documentation upon which the Plaintiff relies, and properly assessed the relevant medical opinions in reaching his conclusion. *Id.* at 7-12.

Upon a thorough review of the record and the parties' submissions, the Court agrees with the Commissioner and finds no basis for reversal or remand.

A.

The Plaintiff's claim of error as it pertains to her DIB application requires little discussion. To be eligible for DIB under the Act, a claimant must demonstrate disability on or before the last date for which she was insured. *Moore*, 405 F.3d at 1211; 42 U.S.C. §§ 416(i)(3), 423(a) & (c); 20 C.F.R. §§ 404.101, 404.130, 404.131. "If a claimant becomes disabled after losing insured status, h[er] DIB claim will be denied despite a disability." *McClain v. Comm'r, Soc. Sec. Admin.*, 676 F. App'x 935, 937 (11th Cir. 2017) (citation omitted).

As noted above, the Plaintiff lost her insured status for purposes of DIB on June 30, 2016, and she was therefore required to prove she was disabled prior to that date. The Plaintiff, however, fails to point to any evidence of new or worsening symptoms before June 30, 2016. Indeed, her chronology related to these alleged symptoms does not even begin until more than four months later, in November 2016. (Doc. 22 at 5). Accordingly, the Plaintiff's contention that her DIB claim must be remanded for additional consideration fails.

## B.

The Plaintiff's claim of error as it relates to her SSI and WIB claims also fails, albeit for different reasons. Unlike DIB, eligibility for SSI does not have a date of last insurability requirement. Rather, "[f]or SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file." *Stone v. Comm'r of Soc. Sec. Admin.*, 596 F. App'x 878, 879 (11th Cir. 2015) (per curiam); *see also Moore*, 405 F.3d at 1211; 20 C.F.R. §§ 416.330, 416.335. As a result, the Plaintiff was required to show for purposes of her SSI claim that she was disabled beginning June 26, 2015, or after.

WIB benefits, on the other hand, are available to the widow of a deceased worker where the widow is over the age of fifty, unmarried (unless certain exceptions apply), and has a disability that began before the end of the prescribed period. 42 U.S.C. § 402(e). The prescribed period ends on the month before the claimant attains the age of sixty or, if earlier, either seven years after the worker's death or seven years after the widow was last entitled to survivor's benefits, whichever is later. *Id.*; 20

C.F.R. § 404.335. Here, the prescribed period for the Plaintiff's WIB eligibility does not end until April 30, 2022. (R. 20).

The crux of the Plaintiff's argument is that the ALJ unduly relied upon the October 13, 2015, opinion of a state agency consultant, Dr. P.S. Krishnamurthy, while discrediting the Plaintiff's subjective complaints that her physical symptoms worsened after that date. A review of the ALJ's decision and the record does not support either of these contentions.

The ALJ stated in his decision that, in determining the Plaintiff's RFC, he gave "great weight" to the opinion of Dr. Krishnamurthy, who found the Plaintiff capable of light work activity with some postural and environmental limitations. (R. 25, 107-09, 120-22). In support of this determination, the ALJ observed that Dr. Krishnamurthy's assessment of the Plaintiff was "consistent with the treatment notes of her primary care provider[s], Dr. [Carissa] Stone, and Dr. [Thomas A.] DiGeronimo." (R. 25). The ALJ pointed out in this regard that, while Drs. Stone and DiGeronimo "noted some abnormalities [with the Plaintiff], including an abnormal gait at times, tenderness, and muscle spasms," they also stated that the Plaintiff "often showed normal physical examination findings." (R. 25); *see also* (R. 415, 418-19, 422-23, 426-27, 431, 435, 439, 532, 536, 539-40, 553, 559-60, 565, 569, 575, 580, 586-86, 590, 594, 597-98, 601-02, 605-06, 610, 614, 618, 621-22, 633, 649, 654, 659, 665-66, 675-76, 687, 692, 697-98, 704, 708, 712). The ALJ additionally pointed out that "the most recent notes of Dr. DiGeronimo" dated March 13, 2017, "included examination findings of a normal gait and station." (R. 25); *see also* (R. 704).

As this recitation demonstrates, despite the Plaintiff's suggestion, the ALJ did not rely blindly on Dr. Krishnamurthy's assessment. Rather, he conducted a comprehensive review of the treatment records and found Dr. Krishnamurthy's opinion consistent with that evidence.

Nor did the ALJ ignore portions of the record favorable to the Plaintiff's disability claims, as the Plaintiff maintains. To the contrary, he specifically noted in his decision many of the record entries the Plaintiff now claims he overlooked. (R. 24) (ALJ noting that the Plaintiff's treatment records remained largely the same in 2016 as they had been earlier; adding that, in early 2017, the Plaintiff presented to Surgical Associates of Tampa Bay for complaints of swelling in her feet and lower legs, trouble walking, discoloration, and cramping; and that the Plaintiff briefly saw a podiatrist in July 2017 for treatment of cellulitis on her left foot).

Although the ALJ may not have explicitly discussed every piece of evidence related to the Plaintiff's cellulitis or leg swelling, there was no requirement that he do so. The Eleventh Circuit has held in this regard that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," as long as the ALJ's decision evidences that he considered the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam) (citation and internal quotation marks omitted). In the Court's view, the ALJ's decision demonstrates that he considered the entire record, including the medical evidence post-dating Dr. Krishnamurthy's opinion, in assessing the Plaintiff's physical impairments.

The Plaintiff's contention that the ALJ erred in his evaluation of her subjective allegations relating to her leg swelling is likewise unavailing. At step four of the sequential evaluation process, the ALJ is required to assess the claimant's RFC and her ability to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545. To determine a claimant's RFC, an ALJ must make a determination based on all the relevant evidence of record what a claimant can do in a work setting despite any physical or mental limitations caused by her impairments and related symptoms. *Id.* at § 404.1545(a)(1). As a result, in rendering the RFC, the ALJ must consider the medical opinions and other evidence of record, all of the claimant's medically determinable impairments (both severe and non-severe), the total limiting effects of each impairment, and the claimant's subjective symptoms. *Id.* at §§ 404.1520(e), 404.1545(a); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) ("ALJ must consider the applicant's medical condition taken as a whole.").

The evaluation of a claimant's subjective symptoms is governed by the "pain standard." *Dyer*, 395 F.3d at 1210. Under this standard, the claimant must show "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from the condition or (3) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain." *Id*. (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

Where a claimant satisfies this "pain standard," the Regulations dictate that the ALJ then assess the intensity and persistence of the symptoms to determine how they

limit the claimant's capacity for work.  20 C.F.R. § 404.1529(c); *see also* Social Security

Ruling 16-3p, 2017 WL 5180304 (S.S.A., Oct. 25, 2017) (applicable as of Mar. 28,

2016).  Factors relevant to this evaluation include the objective medical evidence;

evidence of factors that precipitate or aggravate the claimant's symptoms; medications

and treatments available to alleviate the symptoms; the type, dosage, effectiveness, and

side effects of any medication used to relieve pain or other symptoms; how the

symptoms affect the claimant's daily activities; and the claimant's past work history.

*Id*.  A claimant's subjective testimony supported by medical evidence that meets the

pain standard is itself sufficient to support a finding of disability.  *Brown v. Sullivan*, 921

F.2d 1233, 1236 (11th Cir. 1991) (citations omitted).

      "After considering a claimant's complaints of pain, the ALJ may reject them

as not creditable, and that determination will be reviewed for substantial evidence."

*Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734

F.2d 513. 517 (11th Cir. 1984)).  If the ALJ elects not to credit the claimant's subjective

testimony, however, he must articulate explicit and adequate reasons for doing so.

*Dyer*, 395 F.3d at 1210 (quotation and citation omitted).  An ALJ "need not cite

particular phrases or formulations" in this evaluation, so long as the reviewing court

can be satisfied that he "considered the claimant's medical condition as a whole."  *Id.*

at 1210 (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)) (internal

quotation marks omitted).  A reviewing court will not disturb a clearly articulated

credibility finding that is supported by substantial evidence.  *Foote*, 67 F.3d at 1562

(citation omitted).

In this case, in arriving at his RFC assessment, the ALJ acknowledged the Eleventh Circuit's pain standard and noted his duty to consider "all [of the Plaintiff's] symptoms and the extent to which these symptoms can reasonably be accepted as consistent with" the evidence. (R. 22). After stating he had carefully considered all of the evidence, including the Plaintiff's testimony, the ALJ then determined that, while the Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," her "statements concerning the intensity, persistence, and limiting effects of [her] symptoms [we]re not entirely consistent with the medical evidence and other evidence in the record." (R. 24). In support of this determination, the ALJ found the Plaintiff's allegations inconsistent with the normal physical examination findings in the medical records, as well as notations in the treatment records that she cared for others, including her grandchildren in 2017. *Id.* In addition, the ALJ noted that, although he found the Plaintiff "significantly limited in the ability to perform both physical and mental work-related activities," the RFC he assessed for her was supported "only in part" by her subjective allegations. (R. 25).

The Plaintiff fails to demonstrate that this finding is unsupported by substantial evidence or otherwise in error, and thus it will not be disturbed on appeal. *See Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011) ("The question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it."); *Davis v. Astrue*, 346 F. App'x 439, 441 (11th Cir. 2009).

IV.

For the foregoing reasons, it is hereby ORDERED:

1.      The Commissioner's decision is affirmed.

2.      The Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

DONE and ORDERED in Tampa, Florida, this 16th day of August 2019.


_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge


Copies to:
Counsel of record